**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| JADA MARSH and CHARLES HILSON on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | Case No. 1:19-cv-7606 |
| v. | |
| CSL PLASMA INC., | |
| Defendant. | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(a), 1332(d), 1441, and 1446, Defendant CSL Plasma Inc. ("CSL Plasma" or "Defendant") hereby removes this action from the Circuit Court of Cook County, Illinois, Chancery Division, to the U.S. District Court for the Northern District of Illinois, Eastern Division. Removal is proper because this Court has diversity jurisdiction and jurisdiction under the Class Action Fairness Act ("CAFA"). In support of this Notice of Removal, CSL Plasma states as follows:

## I.  BACKGROUND

1.  On September 5, 2019, plaintiffs Jada Marsh and Charles Hilson ("Plaintiffs") filed a class action complaint ("Complaint" or "Compl.") in the Circuit Court of Cook County, No. 2019-CH1-0279, individually and on behalf of all others similarly situated, based on alleged violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 ("BIPA"). (Complaint attached hereto as Exhibit A). CSL Plasma is the only named defendant.

2.      CSL Plasma was served with a copy of the summons and Complaint on October 17, 2019. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders that have been filed and served in the state court action are attached hereto as Exhibit A.

3.      This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of the date that CSL Plasma was served with the Complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

4.      Plaintiffs' Complaint alleges that they donated plasma at CSL Plasma's Hazel Crest location in the State of Illinois.  (Compl. ¶ 2.) Plaintiffs further allege that each time they donated their plasma, they were required to scan their fingerprint using a biometric device.  (*Id*. ¶ 12.)  According to Plaintiffs, CSL Plasma captured and collected Plaintiffs' biometric information or identifiers, without properly obtaining a written executed release and without making the required disclosures concerning the collection, storage, use or destruction of biometric identifiers or information. (*Id*. at ¶ 17.) Additionally, Plaintiffs allege, upon information and belief, that CSL Plasma "improperly disclosed donors' biometric data to out-of-state third-party vendors in violation of BIPA."  (*Id*. at ¶ 18.)  Plaintiffs' alleged that CSL Plasma did the same with respect to the putative class members. (*Id*. at ¶ 17.)

5.      Based on the above, Plaintiffs filed a two-count complaint alleging that CSL Plasma violated the BIPA in various ways. In Count I, Plaintiffs allege that CSL Plasma violated 740 ILCS 14/15(a) by failing to establish, maintain, and make publicly available a biometric data retention and deletion policy. (Compl. ¶ 84.) Plaintiffs also allege that CSL Plasma violated 740 ILCS 14/15(b) of the BIPA by failing to provide proper notice and failing to obtain the proper written consent before capturing and using Plaintiffs' biometric information.  (Compl. ¶ 85.)  For these violations, Plaintiffs seek, both individually and on behalf of a putative class, $5,000 for

"each" willful or reckless violation and $1,000 for "each" negligent violation, as well as attorneys' fees and costs incurred in this litigation. (Compl. ¶ 88.)

6.      In Count II, Plaintiffs seek injunctive relief under 740 ILCS 14/20(4).  In particular, Plaintiffs seek an order: (1) requiring CSL Plasma to publicly disclose a written policy to be in compliance with 740 ILCS 14/15(a) (Compl. ¶ 92); (2) requiring CSL Plasma to disclose whether it has retained Plaintiffs and other individuals' biometrics in any fashion, and if, when, and how such biometrics were permanently destroyed, consistent with the BIPA (Compl. ¶ 93); and (3) to disclose if it disseminated, sold, leased, traded, or otherwise profited from Plaintiffs' and others' biometrics and disclose the standard of care that it employed to store, transmit, and protect such biometrics under 740 ILCS 14/15(c), (d), (e). (Compl. ¶ 93.)  Additionally, Plaintiffs allege that CSL Plasma should be enjoined from "further BIPA non-compliance and should be ordered to remedy any BIPA compliance deficiencies forthwith." (Compl ¶ 95.)

7.      On September 19, 2019, Plaintiffs also filed a motion for class certification and request for discovery on certification issues.  (Motion for Class Certification attached as part of Exhibit A).  In their motion, "Plaintiffs seek to certify a class consisting of *numerous* former and current similarly-situated plasma donors that donated to Defendant in the State of Illinois who had their fingerprints unlawfully procured, collected, captured, received, or otherwise obtained, or disclosed by Defendant during the applicable statutory period in violation of BIPA." (*Id*. at 1.) (emphasis added).  Plaintiff seeks to certify the following class:

> All persons who were enrolled in the biometric system and subsequently used a biometric system while plasma donors for Defendant from five years preceding the filing of this action to the date a class notice is mailed in this action.

## II.    REMOVAL PURSUANT TO 28 U.S.C. § 1332(a)

8.      Removal is proper under 28 U.S.C. §§ 1332(a) and 1441 where there is complete diversity of citizenship between a plaintiff and a defendant, and the amount of controversy exceeds $75,000. *Carroll v. Striker Corp.*, 658 F.3d 675, 680-81 (7th Cir. 2011).

9.      For purposes of diversity jurisdiction, a corporation is a citizen of the state in which it is incorporated and where it has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). CSL Plasma is incorporated in Delaware and has its principal place of business in Florida. (Ex. B, Decl. of John Di Anni ¶ 3.)

10.     Accordingly, CSL Plasma is a citizen of Delaware and Florida.

11.     Plaintiffs are citizens of Illinois. (Compl. ¶ 1.) Because CSL Plasma is a citizen of Delaware and Florida and Plaintiffs are citizens of Illinois, there is complete diversity of citizenship under 28 U.S.C. § 1332(a)(1).

12.     As to the jurisdictional amount of $75,000, applicable case law authorities require the Court to consider the totality of the relief sought, including "monetary damages, attorneys' fees, and the cost a defendant incurs in complying with injunctive relief." *Tropp v. Western-Southern Life Ins. Co*, 381 F.3d 591, 595 (7th Cir. 2004). Moreover, for purposes of assessing the amount in controversy, Plaintiffs' allegations are accepted as true and the potential damages based on the allegations in the complaint are to be assessed. *Andrews v. E.I. Du Pont De Nemours and Co.*, 447 F.3d 510, 515 (7th Cir. 2006). To establish the amount in controversy threshold, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). The removal burden is not daunting as courts recognize that under this standard, a removing defendant is not obligated to "research, state, and

prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204 (E.D. Cal. 2008).

13.     While Plaintiffs fail to identify the amount of damages sought, CSL Plasma has a reasonable good faith belief that Plaintiffs seek damages in excess of the jurisdictional requirement of $75,000.  As discussed above, Plaintiffs seek liquidated damages in the amount of $5,000 per each willful violation and $1,000 per each negligent violation of the BIPA. Plaintiffs also seek injunctive relief, as well as attorneys' fees and costs incurred in this litigation, and "all such other and further relief as the Court deems appropriate."

14.     Plaintiffs do not specify how many times each of them donated plasma at a CSL Plasma facility.  (Compl. ¶¶ 2, 22)  Nevertheless, a cursory search of CSL Plasma's records reveals that one of the Plaintiffs donated plasma at a CSL Plasma facility at least 75 times over the past five years.  (Ex. B, Decl. of Di Anni ¶ 5.)[1]  Therefore, assuming, as Plaintiffs' allege, that the Plaintiff was required to scan their finger at each visit, Plaintiffs have potential damages in the amount of $75,000, assuming negligent violations of BIPA and that such damages are available for five years prior to the date that the action was filed (each of which CSL Plasma denies and will dispute). This number does not take into account Plaintiffs' request for injunctive relief, attorneys' fees and costs, among other things, which will necessarily add to that amount in controversy total for purposes of ascertaining whether the jurisdictional threshold has been met.

## III.     REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT

15.     The Class Action Fairness Act ("CAFA"), 28 U.S.C. §  1332(d), was enacted "to facilitate adjudication of certain class actions in federal court."  *Dart*, 574 U.S. at 89. Accordingly, the CAFA expands jurisdiction for diversity class actions by creating federal

---

[1] Plaintiff Hilson, according to CSL Plasma's records, did not visit a CSL Plasma facility in Illinois (but rather only visited a facility in Indiana). (Ex. B, Decl. of Di Anni ¶ 5.)

subject-matter jurisdiction if: (1) a class has 100 or more class members; (2) at least one class member is diverse from at least one defendant ("minimal diversity"); and (3) there is more than $5 million, exclusive of interest and costs, in controversy in the aggregate. 28 U.S.C. § 1332(d); *Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 578 (7th Cir. 2017).

16.     The "party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is in *controversy* between the parties. Further, the removing defendant need not confess liability in order to show that the controversy exceeds the threshold." *Roppo*, 849 F.3d at 579 (citing *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)). "When a defendant seeks federal-court adjudication, the amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 579.

17.     Here, Plaintiffs seek to certify a class of plasma donors that donated to CSL Plasma in the State of Illinois. (Motion for Class Certification, pg. 1). Plaintiffs are citizens of Illinois while CSL Plasma is a citizen of Delaware and Florida. Accordingly, at least one member of the class of plaintiffs is a citizen of a state different from CSL Plasma. As such, the second element of the CAFA is clearly satisfied.

18.     For the class member and amount in controversy elements of the CAFA, Plaintiffs allege there are "numerous" class members and seek up to $5,000 per "each" violation in an alleged period exceeding five (5) years. CSL Plasma operates ten (10) plasma donation locations across Illinois. (Ex. B, Decl. of Di Anni ¶ 8.) Based on a cursory review of CSL Plasma's records, each location had at least 100 distinct plasma donors over the past five (5) years who each used the donation system which Plaintiffs allege violates the BIPA, or at least 1,000 potential class members. (Ex. B, Decl. of Di Anni ¶ 9.) Assuming that each use amounted to a

willful violation of BIPA, which CSL Plasma will ultimately dispute, the 100 class member and $5 million amount in controversy thresholds of the CAFA are met.[2]

## IV. VENUE AND NOTICE

19.     Venue is proper in the Northern District of Illinois located in Chicago, Illinois, because the Circuit Court of Cook County action is pending within the jurisdictional confines of this Court.

20.     Defendant will provide written notice of the filing of the Notice of Removal to Plaintiffs and the Circuit Court of Cook County.

WHEREFORE, Defendant CSL Plasma Inc., hereby removes this civil action to this Court on the basis of diversity jurisdiction and/or this Court's jurisdiction over this action under the Class Action Fairness Act.


**DATED:  November 18, 2019**              Respectfully submitted,


CSL PLASMA INC.


By:      *s/ Gerald L. Maatman, Jr.*
                Gerald L. Maatman, Jr.



Gerald L. Maatman, Jr., IL No. 6181016
*gmaatman@seyfarth.com*
Thomas E. Ahlering, IL No. 6295744
*tahlering@seyfarth.com*
SEYFARTH SHAW LLP
233 S. Wacker Dr., Suite 8000

---

[2] 1,000 x $5,000 = $5,000,000.

Chicago, Illinois 60606
Telephone: 312-460-5000
Facsimile: 312-460-7000

***Counsel for Defendant CSL Plasma, Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2019, a true and correct copy of the foregoing

document was filed with the clerk of the court using the CM/ECF system which will send

notification of such filing to the e-mail address denoted on the electronic Mail Notice List.

I also certify, pursuant to 28 U.S.C. § 1446(d), Federal Rules of Civil Procedure Rule

5(b), and Local Rule 5.5, that a copy of the foregoing was sent via electronic mail to the adverse

party in this matters at:

Brandon M. Wise
Paul A. Lesko
PEIFFER WOLF CARR & KANE, APLC
818 Lafayette Ave., Floor 2
St. Louis, MO 63104
Email: bwise@pwcklegal.com
Email: plesko@pwcklegal.com

s/ Gerald L. Maatman, Jr.
Gerald L. Maatman, Jr.