UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| JADA MARSH and CHARLES HILSON, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CSL PLASMA INC.,<br><br>　　　　　Defendant. | Case No. 1:19-CV-07606<br><br>Honorable Edmond E. Chang<br><br>Honorable Magistrate Sunil R. Harjani |

### ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, CERTIFYING SETTLEMENT CLASS, APPOINTING CLASS REPRESENTATIVES, APPOINTING CLASS COUNSEL, AND APPROVING NOTICE PLAN

This matter coming before the Court on Plaintiffs' Unopposed Motion for and Memorandum in Support of Preliminary Approval of Class Action Settlement, good cause being shown, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1.　　Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2.　　Plaintiffs have moved the Court for an order preliminarily approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice. The Court having read and considered the Settlement Agreement and having heard the parties and being fully advised in the premises, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in this Order, certifies the Settlement Class defined below, appoints Class

Counsel and the Class Representatives, and approves the Notice plan.

**Certification of the Settlement Class**

3. For purposes of settlement only, the Court certifies the following Settlement Class as defined in the Settlement Agreement:

> All individuals who scanned their finger at a CSL plasma donation facility in Illinois as part of a plasma donation process between September 5, 2014 and October 16, 2019.

Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this action and members of their families, (2) Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, (3) persons who properly execute and file a timely request for exclusion from the Settlement Class, and (4) the legal representatives, successors or assigns of any such excluded persons

4. The Court finds, subject to the Final Approval Hearing referred to below, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, for the purposes of settlement only, that the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that: the Settlement Class is so numerous that joinder of all members is impracticable; there are questions of fact and law common to the Settlement Class (*e.g.*, whether Defendant collected, captured, or otherwise obtained Plaintiffs' and the Settlement Class's biometric identifiers or information, as defined by 740 ILCS 14/10; whether Defendant properly informed Plaintiffs and the Settlement Class of its purposes for collecting, using, and storing their biometric information, 740 ILCS 14/15(b); whether Defendant obtained any written releases to collect, use, and store Plaintiffs' and the Settlement Class's biometric information, *id.*; and whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric information, 740 ILCS

14/15(a)); Plaintiffs' claims are typical of the claims of the members of the Settlement Class; Plaintiffs and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class; common questions of law or fact predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating the Action.

**Preliminary Approval of the Settlement**

5.  For purposes of settlement only: (a) David Fish and Mara Baltabols of Fish Potter Bolaños, P.C. are appointed Class Counsel for the Settlement Class; and (b) Jada Marsh and Charles Hilson are named Class Representatives of the Settlement Class. The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Plaintiffs Marsh and Hilson will adequately protect the interests of the Settlement Class defined above.

6.  The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, is likely to be approved under Federal Rule of Civil Procedure 23(e)(2), and is in the best interests of the Settlement Class set forth above. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by the Defendant or any other

parties.

**Notice and Administration**

7.  The Court approves, as to form, content, and distribution, the Notice plan and all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits A, B, and C thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of federal law and due process. The Court further finds that the Notice is reasonably calculated, under all circumstances, to apprise members of the Settlement Class of the pendency of this Action, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class. The parties, by agreement, may revise the Notice in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

8.  The Court approves the request for the appointment of Analytics Consulting, LLC as the Settlement Administrator under the Settlement Agreement.

9.  Pursuant to paragraph 4.1 of the Settlement Agreement, the Settlement Administrator is directed to publish the Notice on the Settlement Website and to send direct notice via email and U.S. Mail in accordance with the Notice plan called for by the Settlement Agreement. The Settlement Administrator shall also maintain the Settlement Website to provide full information about the Settlement online.

**Exclusion**

10. All persons who meet the definition of the Settlement Class and who wish to

exclude themselves from the Settlement Class must submit their request for exclusion in writing on or before the Objection/Exclusion deadline, which is designated as the date forty-five (45) days after the Notice Date. Any members of the Settlement Class so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

11. To be valid, any request for exclusion must (a) be in writing; (b) identify the case name *Marsh, et al. v. CSL Plasma Inc.*, No. 19-CV-07606 (N.D. Ill.); (c) state the full name and current address of the person in the Settlement Class seeking exclusion; (d) be signed by the person(s) seeking exclusion; and (e) be postmarked or received by the Settlement Administrator on or before the Objection/Exclusion Deadline. In light of the COVID-19 pandemic, the Settlement Administrator also shall create a dedicated e-mail address to receive exclusion requests electronically. Each request for exclusion must also contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in *Marsh, et al. v. CSL Plasma Inc.*, No. 19-CV-07606 (N.D. Ill.)." A request for exclusion that does not include all of the foregoing information, that is sent to an address or e-mail address other than that designated in the Notice, or that is not postmarked or electronically delivered to the Settlement Administrator within the time specified, shall be invalid and the persons serving such a request shall be deemed to remain Settlement Class Members and shall be bound as Settlement Class Members by this Settlement Agreement, if approved by the Court. No person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs.

12. Any Settlement Class Members who have not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement, or to a Final Judgment being entered dismissing the Action with prejudice in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by

5

Class Counsel, or to the requested incentive awards to the Class Representatives as set forth in the Notice and Settlement Agreement. To object, Settlement Class Members must sign and file a written objection on or before the Objection/Exclusion Deadline.

13. To be valid, the written objection must comply with the objection procedures set forth in the Settlement Agreement and Notice, and must include (a) the Settlement Class Member's full name and current address, (b) a statement that the objector is a member of the Settlement Class, (c) whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, (d) the specific grounds for the objection, (e) all documents or writings that the Settlement Class Member desires the Court to consider, (f) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection, and (g) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel, who must file an appearance or seek *pro hac vice* admission).

14. To be valid, objections must be filed with the Court and postmarked, e-mailed, or delivered to Class Counsel (David Fish, dfish@fishlawfirm.com, Fish Potter Bolaños, P.C., 200 E. 5th Ave., Suite 123, Naperville, IL 60563) and to Defendant's Counsel (Gerald L. Maatman, Jr, gmaatman@seyfarth.com, Seyfarth Shaw LLP, 233 S. Wacker Dr., Suite 8000, Chicago, IL 60606) on or before the Objection/Exclusion Deadline. In addition, any objections made by a Settlement Class Member who is represented by counsel must be filed through the Court's CM/ECF system.

15. Settlement Class Members who fail to file and serve timely written objections in compliance with the requirements above and the Settlement Agreement shall be deemed to have

waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement.

**Final Approval Hearing**

16. The Final Approval Hearing shall be held before this Court on **December 8, 2022, at 12:15 p.m**., before the Honorable Judge Edmond Chang in Room 2119 of the District Court for the Northern District of Illinois, Dirksen U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, or via remote means as instructed by the Court. The Final Approval hearing will be held to determine (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of an incentive award to the Class Representatives. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Settlement Class and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement Agreement.

17. Class Counsel shall file papers in support of their Fee Award and the Class Representatives' incentive awards (collectively, the "Fee Petition") with the Court on or before **August 4, 2022**. Papers supporting the Fee Award shall be filed with the Court and posted to the Settlement Website. Settlement Class Members may object on their own or may do so through separate counsel at their own expense. Defendant may, but is not required to, file a response to Class Counsel's Fee Petition with the Court on or before **August 18, 2022.** Class Counsel may file a reply in support of their Fee Petition with the Court on or before **August 25, 2022**.

18. Plaintiffs shall file their papers in support of final approval of the Settlement

Agreement, and in response to any objections, with the Court on or before **November 17, 2022**.

**Further Matters**

19. If the Settlement Agreement fails to become effective, is overturned on appeal, or does not become final for any reason, the parties shall be restored to their respective positions in the Action as of the date of the signing of the Settlement Agreement.

IT IS SO ORDERED, this 8th day of June, 2022.

_____
Honorable Edmond E. Chang

U.S. District Court Judge