IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JADA MARSH and CHARLES HILSON, individually and behalf of all others similarly situated,<br><br>              Plaintiffs,<br><br>  v.<br><br>CSL PLASMA INC.,<br><br>              Defendant. | Case No. 1:19-CV-07606<br><br>Honorable Edmond C. Chang<br><br>Magistrate Judge Sunil R. Harjani |

**FINAL ORDER AND JUDGMENT**

This matter having come before the Court on Plaintiffs' Unopposed Motion and Memorandum in Support of Final Approval of Class Action Settlement of the above-captioned matter (the "Action") between Plaintiffs JADA MARSH and CHARLES HILSON ("Plaintiffs"), and CSL PLASMA INC., ("Defendant") (collectively, "the Parties"), as set forth in the Class Action Settlement Agreement, between Plaintiffs and Defendant (the "Settlement Agreement"), due and adequate notice having been given to the Settlement Class, and the Court having considered the papers filed and proceedings in this matter, and being fully advised in the premises,

IT IS HEREBY ORDERED:

1. Capitalized terms not otherwise defined in this Final Approval Order are defined in the Parties' Settlement Agreement.

2. The Court-approved Notice of Class Action Settlement and Claim Form (together, "Notice") was distributed by the Settlement Administrator, Analytics Consulting, LLC, to Settlement Class Members by direct mail and, where available, by

1

email. The Parties also established a publicly-available settlement website with important case documents, including the Notice, Settlement Agreement, Preliminary Approval Order, Plaintiffs' Motion and Memorandum of Law for Attorney Fees and Service Awards, and Motion for Final Approval. The Notice and the methods of distribution satisfy due process, the requirements of Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure and constitute the best notice practicable under the circumstances.

3. The Settlement Agreement was the result of arm's-length negotiations conducted in good faith by experienced attorneys familiar with the legal and factual issues of this case, was reached with the assistance of the Honorable Wayne Andersen (ret.) of JAMS Chicago who served as the Parties' mediator and is supported by the Class Representatives and Class Counsel. The Class Representatives and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement.

4. The Court has considered each of the factors set forth in Federal Rule of Civil Procedure 23(e)(2), as well as the settlement approval factors set forth by the Seventh Circuit. *See Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014). The Court finds that the Settlement Agreement is fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members in light of the complexity, expense, and duration of the litigation and the risks involved in establishing liability and damages and in maintaining the class action through trial and appeal. The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the Released Claims. The Court finds that the consideration to be paid to Settlement Class Members is reasonable, considering the facts and circumstances of the claims and defenses available in

the Action and the potential risks and likelihood of success of alternatively pursuing litigation on the merits.

5. The Court further acknowledges the Parties achieved an excellent claims rate of 33.67% as a result of the Notice program. *See In re Facebook Biometric Info. Priv. Litig.*, 522 F. Supp. 3d at 620, 629, 632 (N.D. Cal. 2021) (describing similar 22% claims rate in BIPA settlement with Facebook as "impressive" and "unprecedented").

6. The Court grants final certification of the class that the Court previously certified for settlement purposes in its Preliminary Approval Order. The Class is defined collectively as the following:

> All individuals who scanned their finger at a CSL plasma donation facility in Illinois as part of a plasma donation process between September 5, 2014 and October 16, 2019.

Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families, (2) persons who properly execute and file a timely request for exclusion from the Settlement Class, and (3) the legal representatives, successors or assigns of any such excluded persons.

7. No Settlement Class Members submitted objections, and two requested to exclude themselves from the Settlement.

8. The persons listed in Exhibit 4 of the Declaration of the Settlement Administrator: Marvin Crowder and Mitchell Morrow, are excluded from the Settlement.

9. The Court finds the settlement memorialized in the Settlement Agreement and filed with the Court is fair, reasonable, and adequate, and in the best interests of Settlement Class Members. The Court finds that: (a) the strength of the Settlement Class Representatives' and Settlement Class Members' claims weighed against the Defendants'

3

defenses and the complexity, length and expense of further litigation support approval of the Settlement; (b) the Gross Settlement Fund of $9,900,000.00 as set forth in the Settlement Agreement is a fair, reasonable and adequate settlement of the claims; (c) the Settlement was reached pursuant to arm's-length negotiations between the Parties, with the assistance of a neutral mediator; (d) the support for the Settlement expressed by Settlement Class Counsel, who have significant experience representing parties in complex class actions, including those involving Biometric Information Privacy Act claims, weighs in favor of approval of the Settlement; (e) the absence of any objections to the Settlement by Settlement Class Members supports approval of the Settlement; and (f) the Action has progressed to a stage where the Court and the parties could evaluate the merits of the case, potential damages, and the probable course of future litigation.

10. The Settlement Agreement is hereby finally approved in all respects. The Parties and their counsel are directed to implement and consummate the Settlement Agreement according to its terms and conditions. The Parties and Settlement Class Members are bound by the terms and conditions of the Settlement Agreement.

11. Other than as provided in the Settlement Agreement and this Order, the Parties shall bear their own costs and attorneys' fees.

12. Subject to the terms and conditions of the Settlement Agreement, this Court hereby enters this Final Approval Order and dismisses this matter on the merits and with prejudice.

13. Upon the Effective Date of the Settlement Agreement, Plaintiffs and each Settlement Class Member and their respective present or past heirs, executors, estates, administrators, assigns and agents, and each of them, shall be deemed to have released, and

by operation of this Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished and completely discharged and all actual, potential, filed, unfiled, past and present claims or causes of action, whether known or unknown (including all "Released Claims" and "Unknown Claims" as defined in the Settlement Agreement), damages, whether statutory, punitive, exemplary or liquidated, expenses, costs, attorney's fees and or obligations, whether in law or in equity, including any claims, which were or could have been brought, arising out of the Illinois Biometric Information Privacy Act, or any similar federal, state, or local statute, regulations, or common law related to biometric information or biometric identifiers, including, but not limited to, any tort or privacy claims, arising out of or relating to Defendant's alleged collection, possession, capture, purchase, receipt through trade, obtaining, sale, profit from, disclosure, redisclosure, dissemination, storage, transmittal, and/or protection from disclosure of alleged biometric information or biometric identifiers through the use of finger scanners or kiosks in connection with the donation of plasma at Defendant's Illinois facilities against CSL Plasma, Inc., and its current and former owners, affiliates, parents, subsidiaries, divisions, officers, directors, shareholders, agents, employees, attorneys, insurers, reinsurers, benefit plans, predecessors, and successors, including without limitation of the foregoing and solely for clarification, CSL Behring L.L.C.

14. The Parties may, without further approval from the Court, agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits) that (i) shall be consistent in all material respects with this Final Approval Order; and (ii) do not limit the rights of Settlement Class Members.

15. The Court awards $158,620.78 to the Settlement Administrator, Analytics Consulting, LLC, for its work administering the Settlement, which is payable from the Gross Settlement Fund as described in the Settlement Agreement.

16. The Court awards Settlement Class Counsel $3,300,000.00 in attorney fees and $23,308.85 in litigation costs, which are payable from the Gross Settlement Fund as described in the Settlement Agreement. The Court finds that the attorneys' fee award here, which equates to 1/3 of the Settlement Fund, is in line with fee awards provided in similar BIPA cases in this District and is reasonable in light of both the substantial risk that Class Counsel took on in accepting the case and the excellent relief Class Counsel ultimately obtained for the Settlement Class.

17. The Court awards Settlement Class Representatives Jada Marsh and Charles Hilson $5,000.00 each as an Incentive Award, which is payable from the Gross Settlement Fund as described in the Settlement Agreement.

18. To the extent that a check issued to a Settlement Class Member is not cashed within one hundred fifty (150) days after the date of issuance or an electronic deposit is unable to be processed within one hundred fifty (150) days of the first attempt, such funds shall be distributed fifty (50) percent to Prairie State Legal Services and fifty (50) percent to the American Red Cross of Greater Chicago for community emergency response, as a *cy pres* recipient.

19. Without affecting the finality of this Final Approval Order for purposes of appeal, the Court retains jurisdiction solely with respect to the interpretation, implementation, and enforcement of the terms of the Parties' Settlement Agreement.

Entered: 12/08/2022

Hon. Edmond E. Chang
U.S. District Court Judge